BRIDGET ALDEN, Appellant, *v.* THE SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD, Respondent.

*Endowment certificate of a mutual benefit association — untrue answer in an application therefor — not a warranty where the application is not referred to in the certificate — burden of proof that it was material and made in bad faith — effect of its being made at the request of the special organizer of the association — review of rulings not excepted to.*

Where, in an application to a mutual benefit association for an endowment certificate, the insured declares the answers made by him therein to be fair and true, and agrees that such answers, the application and the constitution of the association shall form the basis of the contract of insurance, and that any untrue or fraudulent answers shall vitiate the certificate and forfeit all payments made thereon, and the certificate itself makes no reference in any way to the appli-

cation or to the answers or agreements therein contained, such answers cannot be regarded as warranties, but only as representations, and will not, even if untrue, operate to vitiate the certificate, unless they are material to the risk and are made in bad faith.

In an action brought to recover upon the endowment certificate, the burden of showing that untrue answers contained in the application were made fraudulently and in bad faith is upon the association.

Where, in such an action, it appears that an answer contained in the application to the effect that the insured had never been rejected by any life insurance company or association, was untrue to the knowledge of the insured, evidence that the application was taken by a special organizer of the defendant association, who knew that the insured had been rejected upon a prior application by the defendant association, and that the insured made the untrue answer at the request of the special organizer, and upon the representation of the latter that he would explain the former rejection to the defendant association, is competent upon the question whether the untrue answer was made fraudulently or in bad faith, and requires such question to be submitted to the jury.

While the Appellate Division has power to review a ruling, although an exception was not taken thereto, this power should not be exercised save in extraordinary cases.

APPEAL by the plaintiff, Bridget Alden, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cattaraugus on the 14th day of March, 1893, upon the verdict of a jury rendered by direction of the court.

*Philip A. Laing* and *William G. Laidlaw,* for the appellant.

*James L. Quackenbush,* for the respondent.

WILLIAMS, J.:

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.

The action was upon an endowment certificate for $2,000, issued to Sterling B. Alden, plaintiff's husband, by the defendant in March, 1889.

The defense was based upon alleged false and fraudulent statements in the application for the certificate. It was made to the Sandusky Tent. May 1, 1888, an application was made to the Johnsonburg Tent, and on such former application the medical examiner's report showed that the action of insured's heart was unsteady, and thereupon his application was rejected and he was notified of

such rejection. In the application made for the certificate upon which this action is brought, the insured, in answer to a question, stated that *he had never been rejected by any life insurance company or association.* This is the main representation relied upon as false and fraudulent, and as defeating a recovery upon this certificate. In the application the insured declared the *answers* made by him therein to be *fair and true,* and *agreed* that such *answers,* the *application* and constitution of the defendant *should form* the *basis* of the *contract* for *insurance,* and *that any untrue or fraudulent answers, etc., should vitiate the certificate and forfeit all payments made thereon.* The certificate itself, however, made no reference in any way to the application, or the answers or agreement therein contained. This being so, the answers could not be regarded as warranties, but only as representations, and they would not, even if untrue, operate to vitiate the certificate unless they were fraudulently made, or were material to the risk, and were made in *bad faith.* And the burden of showing such fraud and bad faith would be upon the defendant. (*Fitzgerald* v. *Supreme Council,* 39 App. Div. 251, and cases therein referred to; affd., 167 N. Y. 568.)

The answer in question was material to the risk, it was untrue, and was known to the insured to be untrue when he made it. Very likely, in the absence of any proof on the part of the plaintiff in explanation of the making of the answer, fraud and bad faith would be inferred, and the court be justified in taking these questions from the jury and directing a nonsuit or verdict for the defendant. The plaintiff attempted to give some proof by way of explanation to avoid the inference or conclusion of fraud or bad faith.

The application was taken by one Spring, who was designated as a special organizer, and the witness Lewis was with him at the time. Lewis testified that he knew of the insured's former application and rejection, and was then asked if he knew of any communication or transaction about it at the time the present application was made, and plaintiff offered to show that Spring knew about such former application and rejection and told the insured to make the answer in question, and that he, Spring, would take the application with him and explain the former rejection to the defend-

ant; that Spring superintended the making of the answers in this application and that it was done precisely as he requested it to be done. This evidence was objected to by the defendant and was excluded by the court. The record does not, however, show that any exception to the ruling was taken by the plaintiff. This court has power to review this ruling in the absence of an exception. Such power, however, is not usually exercised. If a party desires to raise a question as to the admissibility of. evidence, he should take his exception to the ruling, so that the court may, in view of the exception being taken, if it desires, consider more carefully the ruling made, and if deemed advisable, recall such ruling. And in the absence of such exception the court should not review the ruling, except in extraordinary cases, and thus establish a precedent which would render the taking of exceptions of little practical importance. We have exercised this power in a few cases, one very recently, and under the circumstances of this case, and in furtherance of justice, we think the power should be exercised here.

This evidence was clearly competent, and should have been admitted as bearing upon the questions of fraud and bad faith hereinbefore referred to. The credibility of the witness would have been for the jury, and they could have believed or disbelieved the evidence. If it had been received, however, the court would not have been authorized to dispose of the case itself, but would have been obliged to submit these questions to the jury.

The defendant seems to have received payments from the insured upon the certificate during his lifetime, and he appears to have regarded the certificate as valid while he lived. His widow should not be deprived of the benefits intended to be secured to her under the certificate unless the insured, by his actual fraud and bad faith, forfeited all rights under such certificate. Failure of counsel upon the trial to take exception ought not alone, under all the circumstances of this case, to have the effect of defeating a recovery which otherwise might have been had upon the certificate. A full fair trial upon the merits should be afforded the plaintiff, and this can only be brought about by the reversal of this judgment and the granting of a new trial.

The views herein expressed lead us to conclude that the judg-

ment should be reversed and a new trial ordered, with costs to the appellant to abide event.

McLENNAN, HISCOCK and DAVY, JJ., concurred ; SPRING, J., not sitting.

Judgment reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.