EMMA E. SPEAR vs. BOSTON POLICE RELIEF ASSOCIATION,
CHARLES E. SPEAR & another, claimants.

Suffolk.     March 20, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Relief Association. Boston Police Relief Association. Words, "Family."*

Where a by-law of a relief association, incorporated under a special statute "for
the purpose of assisting the families of deceased members of said association,
and the members thereof, when sick or disabled, or upon the decease of their
wives," gives to each member of the corporation the right to designate "some
member of his family" to whom the sum of money named in his certificate
shall be payable upon his death, and a member designates under this by-law
his two children then members of his family as beneficiaries, if these children
before his death marry and move away from his house they cease to be bene-
ficiaries, and the designation becomes of no effect, so that the money is to be
disposed of as in case of a failure to designate a beneficiary.

St. 1876, c. 16, incorporated the Boston Police Relief Association "for the purpose
of assisting the families of deceased members of said association, and the mem-
bers thereof, when sick or disabled, or upon the decease of their wives." A by-
law of that corporation, formerly in force, was as follows: "Upon the death of
· a member of the corporation the board of directors shall, with the approval of
the finance committee, cause to be paid to such member of his family as the
deceased shall have designated to receive it, the sum of one thousand dollars
from the treasury of the corporation. And each member upon joining the cor-
poration shall designate, in writing, some member of his family to whom said
sum shall be paid, said writing to be attested by the treasurer of the corporation
and two other witnesses; provided that any member may, at any regular meet-
ing of the board of directors, make such change in the disposition of said sum,
by transferring said payment to such other member of his family as he may
elect; and, provided, that if any member at his death shall have failed to desig-
nate any person as heretofore provided, then the board of directors shall cause
said sum to be paid to the widow of the deceased, or if he leave no widow, to his
legal heirs." One who became a member of the corporation in 1876 died while
the above by-law still was in force. When he became a member he was a
widower with two children, and designated his two children as beneficiaries
under the by-law. He married again, and later his two children married and
moved away from their father's house. His second wife survived him, having
been after their marriage a member of his family as long as he lived. In an
action on the certificate by the widow, the corporation filed a petition for inter-
pleader, and the children of the first wife, named in the certificate as beneficia-
ries, were made parties as claimants. *Held*, that when the claimants ceased to
be members of the family of the member the designation became of no effect,
and a failure to designate ensued, which gave the widow the right to receive
the money under the by-law.

CONTRACT by the widow of Charles C. J. Spear, late of Dover, a retired member of the Boston Police Relief Association, incorporated under St. 1876, c. 16, amended by St. 1882, c. 78, against that corporation.   Writ dated June 14, 1906.

The defendant filed a petition for interpleader to summon in certain claimants, upon which an order of notice was issued to Charles E. Spear of Roslindale as one claimant and Orline G. Richards whose residence was unknown as another claimant. The order of notice was served by publication and otherwise, and by an order of court on September 25, 1906, Charles E. Spear and Orline G. Richards were made defendants and the Boston Police Relief Association was stricken out as a party, having paid into court the sum of $972.92, being the original sum claimed, to wit $1,000 less the costs awarded by the court.

The case then proceeded between the plaintiff and the claimants Charles E. Spear and Orline G. Richards, the last named being represented by counsel in accordance with a stipulation signed by the other parties and filed in court.

The material facts are stated in the opinion.

In the Superior Court *Pierce*, J., who heard the case without a jury, found for the plaintiff and ordered that judgment when entered should be for the balance of the $1,000 deposited in court under R. L. c. 173, § 37, namely, for the sum of $972.92. A judgment was entered in accordance with this order, from which the claimants appealed.

*H. Williams, Jr.*, (*S. F. Walcott* with him,) for the claimants.

*F. W. Grinnell*, for the plaintiff, was not called upon.

KNOWLTON, C. J.   Charles C. J. Spear was a member of the Boston Police Relief Association, incorporated by the St. 1876, c. 16, "for the purpose of assisting the families of deceased members of said association, and the members thereof, when sick or disabled, or upon the decease of their wives." By the St. 1882, c. 78, the original act was amended, so that the benefits were extended to retired members of the association. When Spear became a member in 1876, a by-law of the corporation was in force, as follows: "Upon the death of a member of the corporation the board of directors shall, with the approval of the finance committee, cause to be paid to such member of his family as the deceased shall have designated to receive it, the sum of

one thousand dollars from the treasury of the corporation.  And each member upon joining the corporation shall designate, in writing, some member of his family to whom said sum shall be paid, said writing to be attested by the treasurer of the corporation and two other witnesses; provided that any member may, at any regular meeting of the board of directors, make such change in the disposition of said sum, by transferring said payment to such other member of his family as he may elect; and, provided, that if any member at his death shall have failed to designate any person as heretofore provided, then the board of directors shall ·cause said sum to be paid to the widow of the deceased, or if he leave no widow, to his legal heirs." This by-law remained unchanged until after Spear's death in 1906. When he received his certificate, the only members of his family were his two children, Charles E. Spear and Orline G. Spear, his wife having deceased, and he designated these children as beneficiaries.  Both of the children married and moved away from their father's house long before 1905.  In February, 1879, Spear married the plaintiff, who was afterwards a member of his family so long as he lived.  The question is whether the money, payable as a benefit under the certificate, shall be given to her, or to his two children.

Upon these facts the children long ago ceased to be members of his " family," within the meaning of the word as used in the statute and in the by-law.  *Elsey* v. *Odd Fellows' Relief Association*, 142 Mass. 224.·  *Marsh* v. *American Legion of Honor*, 149 Mass. 512.  *Dodge* v. *Boston & Providence Railroad*, 154 Mass. 299, 301.  *Phelps* v. *Phelps*, 143 Mass. 570, 574.  *Smith* v. *Boston & Maine Railroad Relief Association*, 168 Mass. 213.

The designation of these children was valid when it was made, and the question arises whether, under the statute and the by-law, a change of conditions before the death of the member, such as would prevent the making of a like designation at that time, will render the designation of no effect.

The purpose of the corporation, as expressed both in the statute and in the by-law, is to provide for the families of deceased members.  In this respect the language is as narrow as that of any of the statutes under which it has been held that, to entitle one to recover under such a certificate, he must be a

beneficiary such as could be designated just before the death of the member. In *Tyler* v. *Odd Fellows' Relief Association*, 145 Mass. 134, 136, it was said of the designation of a beneficiary that " to make it available after his death, there must then be a relation to the deceased such as is contemplated by the agreement of association and the by-laws relating to payment," and it was held that a wife who was properly designated lost her rights by a divorce obtained for her husband's fault. The same doctrine was held under a similar statute of Connecticut in *Larkin* v. *Knights of Columbus*, 188 Mass. 22, and in cases cited in the opinion. We think that, under the statute and by-law before us, the fact that the claimants ceased to be members of their father's family rendered the designation of no effect, and that the condition was to be treated as a failure to designate, which gives the widow a right to receive the money under the by-law.

The St. 1905, c. 223, which enlarges the rights of designation in this association, has no application to this case. Under it " the benefits . . . may be made payable in such manner as the by-laws of said association shall provide," within the limits prescribed. The by-laws changing the provisions in this respect did not go into effect until after Spear's death. The right of the widow had then vested.

*Judgment for the plaintiff.*