RICHARDS v. KING.

(Supreme Court, Trial Term, Chemung County. December 12, 1907.)

1. INSURANCE—MUTUAL BENEFIT INSURANCE—APPLICATION—WARRANTIES.

Statements by an applicant in an application for mutual benefit insurance do not amount to warranties, where there is no reference to the application in the certificate or policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1860.]

2. SAME—BENEFICIARIES—WHO MAY BE BENEFICIARIES.

Where the constitution and by-laws of a mutual benefit association provided that certificates might be made payable only to the family or wife of a member, or a person dependent on him, a beneficiary to whom the proceeds were made payable as wife of the member, and who had lived with him as his wife and been supported by him, was entitled to the proceeds, though in fact there had been no lawful marriage between herself and the member.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1935.]

Action by Phœbe O. Richards against Albert E. King, as treasurer of the Brotherhood of Railroad Trainmen. Judgment for plaintiff.

Samuel D. Aulls, for plaintiff.
Herschell L. Gardner, for defendant.

COMAN, J. The Brotherhood of Railroad Trainmen is a fraternal benefit association transacting the business of life insurance in this state pursuant to the provisions of article 7 of the insurance law. One Lewis E. Richards became a member of the association on the 24th day of March, 1903, and a certificate was duly issued to him bearing date on that day. By the terms of the certificate and the provisions of the constitution and by-laws of the association, the beneficiary named in the certificate would become entitled to receive from the association the sum of $1,200 upon the death of Richards. The beneficiary named in the certificate was the plaintiff, Phœbe O. Richards, and she was therein described as his wife. At the time of his

death Richards was still a member of the association in good standing, and this action is brought to recover the said sum of $1,200. The defense interposed is that, at the time when Richards made his application for membership, he warranted the truth of certain statements contained in said application, which statements were false.

The facts are that on the 4th day of July, 1900, a marriage ceremony was performed between the plaintiff and said Richards in the state of New Jersey, and that from the date of said marriage ceremony until the time of the death of Richards they lived together as husband and wife; that two children were born of the marriage; and that during said period the plaintiff and said children were dependent upon said Richards for their support and maintenance. At the time when the said marriage ceremony was performed the plaintiff had a living husband from whom she had never been divorced, and the said Richards also had a living wife from whom he had never been divorced. Some evidence has been given before me on behalf of the plaintiff from which her counsel contends that both the plaintiff and Richards acted in good faith and believed that the marriage between them was lawful. The plaintiff claims that at the time of said marriage ceremony she believed and had good reason to believe that her former husband was dead. It is also shown that the former wife of said Richards was only 14 years of age at the time of her marriage to him, and that Richards represented to her that the marriage was void and had been annulled.

In the view which I take of this case, however, this evidence is quite immaterial. The only defense pleaded is a breach of warranty. The application which Richards made to the defendant for membership in its association was in writing and made upon a printed form. Among the questions asked of the applicant was:

"Question: To whom do you want benefits made payable? Answer: Phœbe Ophelia Richards; maiden name, Noble. Question: State relationship of the person or persons to you. Answer: Wife."

The application also contained the following provision:

"I hereby warrant the foregoing statements and answers to be true, full, and complete."

By the terms of the constitution and by-laws of the defendant it was provided that certificates might be made payable only to the family, heirs, wife, affianced wife, blood relation, or person dependent on the member, provided that, if the member has neither wife nor children living, he may name a charitable institution or a subordinate lodge of the Brotherhood as beneficiary.

The defendant's contention is that this application was a part of the contract between it and Richards, and that Richards in his application having warranted that the plaintiff was his wife, and it being practically conceded that she was not his lawful wife, a breach of the warranty has occurred, and the certificate is void. The defendant has not pleaded that it was induced to issue the certificate in question by the false and fraudulent representations of Richards. Most of the essential allegations of such a defense are missing from the answer. There is no allegation that Richards knew that the state-

ments were false, and no allegation that the defendant believed them and relied upon them. The distinction between a warranty and a representation is a well-defined one, and, in insurance cases, often a vital one. It is the settled law of this state that, under such circumstances as those recited, statements made in the application for insurance do not form any part of the contract, and are not to be treated as warranties, unless such application is referred to in the certificate and forms the basis of the certificate. Fitzgerald v. Supreme Council, 39 App. Div. 251, 56 N. Y. Supp. 1005, affirmed 167 N. Y. 568, 60 N. E. 1110; Alden v. Supreme Tent Maccabees, 78 App. Div. 18, 79 N. Y. Supp. 89; Keefe v. Supreme Council, 52 App. Div. 616, 64 N. Y. Supp. 1012; Foley v. Royal Arcanum, 151 N. Y. 196, 45 N. E. 456, 56 Am. St. Rep. 621; 25 Cyc. 708, and cases cited.

The cases of Gaines v. Fidelity & Casualty Co., 93 App. Div. 524, 87 N. Y. Supp. 821, Id., 111 App. Div. 386, 97 N. Y. Supp. 836, and Makel v. John Hancock Mutual L. Ins. Co. (Sup.) 88 N. Y. Supp. 751, are not in conflict with this principle. In each of those cases the application was expressly referred to in the certificate or policy and made a part of the contract. In the case at bar there is no reference whatever to the application in the certificate or policy, and therefore the statements contained in the application cannot be treated as warranties, but only as representations; and by reason of the condition of the pleadings as above referred to the question as to whether the representations were false and fraudulent is not before the court.

I think that the beneficiary named in the certificate was a person "dependent upon the member," and therefore her designation was not in violation of the defendant's constitution or by-laws. Under a situation identical with this the Court of Appeals said, in the case of Storey v. Williamsburg M. M. B. Association, 95 N. Y. 474, 477:

"It was a case where it was the duty of Storey to provide for them, and the provision he made through this insurance was in entire accord with the objects of the organization."

These views lead to the conclusion that the plaintiff is entitled to judgment for the amount demanded in the complaint, and judgment is directed accordingly.