(157 App. Div. 370.)

MENDELSON v. GAUSMAN.

(Supreme Court, Appellate Division, Second Department. May 23, 1913.)

1. INSURANCE (§ 777*)—MUTUAL BENEFIT INSURANCE—BENEFICIARY—INVALID DESIGNATION—CONTEST.

The by-laws of a mutual benefit insurance association provided for beneficiaries of two classes; the first class including the family in which the member's wife was of a first grade, and the second class comprising those outside of the family deemed to have an insurable interest, and including an affianced wife. The by-laws further provided that neither the decision of the Supreme Secretary nor the issuance of a certificate should be conclusive as to the fact of the affianced relation, and another by-law provided that if, at the death of a member who has designated

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as beneficiary a person of class second the dependency required by the order should have ceased, or if any designation shall fail for illegality or otherwise, then the benefit shall be payable to the persons mentioned in class first. *Held,* that this provision gave a reversion to the members of the first class, and the wife of the member could contest a designation made by the husband to another woman as his affianced wife.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1944; Dec. Dig. § 777.*]

2. INSURANCE (§ 777*)—MUTUAL BENEFIT INSURANCE—BENEFICIARY—INVALID DESIGNATION—CONTEST—INTERPLEADER.

An interplea by a wife, who claimed to be entitled to the proceeds of a benefit certificate issued upon the life of her husband, is not a waiver of her right to contest the legality of the designation thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1944; Dec. Dig. § 777.*]

3. INSURANCE (§ 771*)—MUTUAL BENEFIT INSURANCE—BENEFICIARIES—AFFIANCED WIFE.

A married man, having a living undivorced wife, cannot, under the by-laws of a mutual benefit association authorizing the affianced wife of the member to be designated as beneficiary, lawfully designate his certificate to a woman not his wife as his fiancée.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1935, 1937; Dec. Dig. § 771.*]

4. INSURANCE (§ 771*)—MUTUAL BENEFIT INSURANCE—BENEFICIARIES.

A by-law of a mutual benefit insurance association, providing that the action of the secretary in granting a certificate to persons of the second class which did not comprise the member's family should not be conclusive as to the fact of the affianced relation or dependency, is not invalid in giving members of the first class the right to contest the validity of the designation; for the rule that the fraternal order alone can raise the point of ineligibility applies only where the sole parties to the contract are the association and the designated beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1935, 1937; Dec. Dig. § 771.*]

5. INSURANCE (§ 777*)—MUTUAL BENEFIT INSURANCE—ISSUANCE OF CERTIFICATE.

The issuance of a mutual benefit insurance certificate to one designated as the insured's affianced wife, when he already had a legal wife, is not ultra vires; the by-laws of the society giving the wife the right to take in case the designation is invalid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1944; Dec. Dig. § 777.*]

6. INSURANCE (§ 818*)—MUTUAL BENEFIT INSURANCE—BENEFICIARIES.

In an action between the legal wife of one insured by a mutual benefit association and the beneficiary designated as the insured's affianced wife, evidence of conversations tending to show a promise of marriage by the insured, or loans of money made by her to him, is incompetent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 2003–2005; Dec. Dig. § 818.*]

Appeal from Special Term, Kings County.

Interpleader action between Fannie Mendelson and Ella R. Gausman. From a judgment for defendant (78 Misc. Rep. 457, 139 N. Y. Supp. 947), plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles Burstein, of Brooklyn, for appellant.
Felix Reifschneider, Jr., of Brooklyn, for respondent.

PUTNAM, J.　This is an appeal from a judgment directed by the court at Special Term in favor of defendant, in an interpleader suit between claimants of a death benefit payable by the Royal Arcanum on the death of Arthur Gausman.　When, in 1904, Arthur Gausman joined the Royal Arcanum, he took out a certificate naming as beneficiary his father, Alphonso Gausman, and not his wife, the defendant.　After his father's death, his certificate was surrendered, and in 1910 a new certificate was issued in which he named as beneficiary the plaintiff, Fannie Mendelson, whom he described as his "affianced wife."　At this time defendant was still his wife, and on his death became his widow.

[1, 2] The by-laws of the Arcanum (section 324) provide for beneficiaries of two different general classes.　Class first includes the family, subdivided into 13 grades, of which grade 1 is the "member's wife."　Class second (evidently intended for those outside the family, who may be deemed to have an insurable interest) is:

"To an affianced wife, or to any person who is dependent upon the member for maintenance (food, clothing, lodging, or education), in either of which cases written evidence of affianced relation or dependency, within the requirements of the laws of the order, must be furnished to the satisfaction of the Supreme Secretary before the benefit certificate can be issued.　(2) Neither the decision of the Supreme Secretary, nor the issuance of a benefit certificate, shall be conclusive as to the fact of the affianced relation or dependency."

It had formerly been much mooted whether the benefit lapsed if the beneficiary named proved to be ineligible.　If the member died without having exercised his right of direction, or if the direction was one that he had no authority to make, it was held that the power of appointment was not exercised, and therefore nothing could be paid, and the benefit failed.　Hellenberg v. Dist. No. 1 of I. O. of B. B., 94 N. Y. 580 (1884).　See Britton v. Royal Arcanum, 46 N. J. Eq. 102, 18 Atl. 675, 19 Am. St. Rep. 376 (1889).　The present by-laws have met this situation by section 330:

"If at the time of the death of a member, who has designated as beneficiary a person of class second, the dependency required by the laws of the order shall have ceased, or shall be found not to have existed, or if the designated beneficiary is his wife, and they shall be divorced upon the application of either party, or if any designation shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, section No. 324, if living, in the shares and order of precedence by grades as therein enumerated."

Reading these provisions together, it is plain that it was not only the intent to give a reversion to the widow, but to recognize the consequent right by her to question the legality of any attempted designation.　This right was not impaired, but was effectuated, by the interpleader.　Palmer v. Welch, 132 Ill. 141, 23 N. E. 412; Alexander v. Parker, 144 Ill. 355, 33 N. E. 183, 19 L. R. A. 187 (both Arcanum cases).

The effect of this by-law was clearly pointed out in Taylor v. Hair

(C. C.) 112 Fed. 913, 916, where an attempt was made by the brothers of deceased to reach a benefit payable to a designated fiancée who was herself a married woman. The court recognized that the brothers were within the second class of beneficiaries described by the constitution of the order. The distinction in the by-laws, however, was emphasized. The court said:

"There is no provision by which persons in this class can take when the beneficiary named is not eligible, while in the cases decided in the Supreme Court of Illinois [Arcanum cases], as has been seen, there is express provision by which the brothers of the deceased member are entitled to take when the beneficiary named is not dependent, and consequently not eligible, at the time of such death."

It seems only just, therefore, that the widow should have and exercise her right to show the invalidity of the designation, and enforce the superior rights of the lawful wife, to whom the benefit is to revert. See Supreme Lodge Order of Mutual Protection v. Dewey, 142 Mich. 666, 106 N. W. 140, 3 L. R. A. (N. S.) 334, 113 Am. St. Rep. 596, 7 Ann. Cas. 681; Spear v. Boston Police Relief Ass'n, 195 Mass. 351, 81 N. E. 196.

[3] The by-law in its present form makes the designation of the "affianced wife" a distinct one, and outside of those financially dependent upon the deceased. Can a married man so name a woman not his wife? Such a designation is clearly illegal, as opposed to public policy. Keener v. Grand Lodge A. O. U. W., 38 Mo. App. 543; Alexander v. Parker, supra; Di Messiah v. Gern, 10 Misc. Rep. 30, 30 N. Y. Supp. 824; Kult v. Nelson, 24 Misc. Rep. 20, 53 N. Y. Supp. 95; Miller v. Prelle, 122 Ill. App. 380.

This conclusion is not contrary to the decisions in favor of beneficiaries described as wives, notwithstanding that the deceased had a lawful wife living. In such cases, the beneficiaries, who had lived with deceased, and become dependent on him within the spirit of the contract, had an insurable interest. Story v. Williamsburgh M. M. B. Ass'n, 95 N. Y. 474; Durian v. Central Verein of the Hermann's Soehnne, 7 Daly, 168; Richards v. King, 57 Misc. Rep. 177, 107 N. Y. Supp. 720. But the doctrine of these cases is not to be extended. Niblack, Law of Voluntary Societies, p. 347.

[4] To avoid the question of estoppel, the by-law provides, as quoted above, that the action of the secretary in granting the certificate shall not be conclusive as to the fact of the affianced relation or dependency. This result is not repugnant to the line of decisions holding that the fraternal order alone can raise the point of ineligibility. Such seems to be the general rule where the parties to the contract are only the society and the designated beneficiary.

[5] When read with the by-laws, this certificate shows no case of ultra vires, but instead a conditional designation of the wife as the legal beneficiary, and her rights could not be waived or impaired by the officials of the Royal Arcanum.

[6] As the plaintiff could not be lawfully regarded as the "affianced wife" of the deceased, and appears to have known the true situation when the designation was made in 1910, testimony of conversations

tending to show a promise of marriage or a betrothal with a married man, or of moneys loaned to deceased, was incompetent under the pleadings, and therefore properly rejected.

The designation of the plaintiff, being illegal and void, was rightly treated by the learned justice at Special Term as a failure to designate, which, under the by-law, gives the widow a right to receive the money.

I advise that the judgment be affirmed, with costs. All concur.