" * * * In and about the construction of the foundation of an abutment and bridge at or near 225th street and Harlem River, city of New York, and on said day was engaged at work in a shaft with a gang of men excavating for the abutment of one side of said bridge."

The undisputed proof is that the structure was located at 131st street and the Harlem River. The defendant demanded in writing a further notice. The demand failed to specify the particular in which the first notice was claimed to be defective. It erroneously stated it was defective in all essentials. The plaintiff did not comply with that demand. There is evidence that only one abutment was being built at the time. This is sufficient to show there was no intention to mislead the defendant and that it was not in fact misled thereby. Heffron v. Lackawanna Steel Co., 121 App. Div. 35, 41, 105 N. Y. Supp. 429. There is a distinction between the misleading effect of the inaccuracy in the notice we are considering and the inaccuracy of a statement by an injured employé himself that he was injured by an improperly guarded machine upon which he was working, when in fact he was injured by another one of a number of machines in the employer's place of business. See Welch v. Waterbury Co., 206 N. Y. 522, 100 N. E. 426. The validity and sufficiency of the notice should be tested by regarding the existing facts in each case. We deem the notice valid.

[2] We are of opinion that the jury could properly say that the foreman was negligent in failing to give the signal to stop the descent of the bucket when or after he directed the workmen to ascend the ladder. For such negligence the employer is liable. Section 201, Labor Law, ut supra.

The judgment should be reversed, and new trial granted; costs to abide the event. All concur.

---

(93 Misc. Rep. 80)

### SANDS v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term, Second Department. December 3, 1915.)

MASTER AND SERVANT ⬤78—MUTUAL BENEFIT INSURANCE—BENEFICIARY.

A railroad employé, who became a member of the relief fund of the company designated, with the approval of the superintendent of the department, his wife as the person to whom death benefit should be paid. The rules of the department provided that the payment of death benefits should be made to the beneficiary designated in the member's application, whose designation shall have been approved by the superintendent. At the time of the employé's application he had living a wife whom he had deserted, and the woman named as his wife was in fact the wife of another. *Held* that, as the employé's own wife was not designated as beneficiary, she could not take, and the woman designated, though not the employé's wife, might take.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬤78.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Sands against the Pennsylvania Railroad Company. From a judgment for plaintiff in the Municipal Court, defendant appeals. Reversed, and complaint dismissed.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued November-December, 1915, term, before MADDOX, KAPPER, and KELBY, JJ.

Ray Rood Allen, of New York City, for appellant.
Samuel Francis Edmead, of New York City, for respondent.

MADDOX, J.  William A. Sands, an employé of the defendant, on September 16, 1910, became a member of the "Relief Fund" of that company and entitled to benefits provided by the regulations of its relief department for a member of the first class, with no additional death benefit of the first class.   He so continued a member until his death on April 18, 1912, and it is conceded that all dues were paid up to his death.   His application for membership is dated September 16, 1910, and therein, in writing, he designates, with the approval of the superintendent of said relief department, "my wife—Josephine C.," as the person to whom death benefit shall be payable.   The book of regulations of said relief department is in evidence, and by subdivision first of paragraph 29 (page 27) it is provided that payment of death benefits of a member shall be made to the beneficiary or beneficiaries designated in the member's principal application, or subsequently in the prescribed form, whose designation shall have been approved by the superintendent of the relief department, and, where there are more than one such beneficiary, in equal shares, unless otherwise specifically provided. There is no provision in the regulations limiting the right of the member to name any person he might see fit as beneficiary or beneficiaries. His application for membership, which included his designation as beneficiary, appears on the face thereof to be approved by the assistant superintendent of such relief department.

The deceased on June 13, 1891, was married to Mary Nancy Juvrey, the plaintiff; they lived together until 1893, when he deserted her and their two children, and since failed to provide for her.   On December 28, 1896, he married one Jennie Mayo, living with her about 11 years, until her death in 1907.   She left one child, Edith.   In 1909 or 1910 Sands went to live with Josephine C. Miner and her husband, where he continued until his death.   Demand was made by plaintiff for the benefit alleged to be due, which was not paid.   The amount of the benefit was $250, of which defendant deducted under the regulations governing the benefit department $100.93 for burial expenses, leaving a balance of $149.07, upon which, at time of trial, $27.46 interest was due.

Upon the case presented plaintiff cannot in any event recover.  The deceased, as member of defendant relief department, was within his rights when he designated as his beneficiary "my wife—Josephine C.," though the person referred to was not his wife, and notwithstanding that both were then incapable of entering into a marriage relation, since each had a spouse living.   The regulations of defendant's relief department do not restrict the designation of beneficiaries to relatives or dependents only of deceased members.   It is a question of identity. Whom did he intend?   Clearly not Mary Nancy Sands, the plaintiff, nor Jennie Mayo, the dead woman.   He at that time was living with a woman whose name was Josephine C. Miner, and from the evidence

adduced the only person who might answer the name Josephine C. is the woman with whom he was living at the time of his application for membership in the defendant's relief department. Durian v. Central Verein, etc., 7 Daly, 168; Coulson v. Flynn, 181 N. Y. 62, 73 N. E. 507; Richards v. King, 57 Misc. Rep. 177, 107 N. Y. Supp. 720; Story v. Williamsburgh M. M. B. A., 95 N. Y. 474.

In the absence of some provision in the laws of the benefit association limiting the member's right to name the beneficiary of the death benefit, the person so designated by him, though not a member of his family or dependent upon him, is entitled to such benefit if at the time of his death the member is in good standing in the association, and all the requirements as to proof of death have been complied with. Mendelson v. Gausman, 78 Misc. Rep. 458, 139 N. Y. Supp. 947, affirmed 157 App. Div. 370, 142 N. Y. Supp. 293, is not, in my opinion, controlling here, since in that case the by-laws of the benefit association expressly provided for the situation there presented, namely, that such by-laws limited designations of beneficiaries to specific persons, and it was there held that such by-laws *met* that situation.

Judgment reversed, without costs, and judgment absolute directed for defendant, dismissing the complaint upon the merits, with costs. All concur.