MARY S. DUSENBURY, Respondent, *v.* GENERAL GRANT COUNCIL, No. 128, JUNIOR ORDER UNITED AMERICAN MECHANICS OF THE STATE OF NEW YORK, Appellant.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Societies — fraternal benefit — actions — insurance — Laws of 1911, chap. 198.

> Where on the trial of an action against a fraternal benefit society, as defined by chapter 198 of the Laws of 1911, which amended the Insurance Law, to recover the amount claimed to be due plaintiff as the beneficiary named in a certificate of membership in the defendant, issued to one since deceased, plaintiff admits on the witness stand that she was not a blood relative of decedent, she is not entitled to recover and a judgment in her favor will be reversed and the complaint dismissed, with costs.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, third district, rendered July 17, 1916, in favor of the plaintiff, after a trial by the court without a jury, for $541.94 damages and costs.

Thomas O'Rourke Gallagher, for appellant.

David Siegelman, for respondent.

BENEDICT, J.   This is an action for $500 claimed to be due plaintiff as the beneficiary named in a certificate of membership of one Alfred D. Symonds, deceased, in the defendant corporation. The answer denied that plaintiff was in the class designated in the by-laws and charter of the defendant as entitled to be named as a beneficiary. For a second defense it was

alleged that plaintiff was guilty of making false and fraudulent representations concerning her relationship to the member. For a third defense it was alleged that plaintiff had not exhausted her remedies as provided for by the by-laws of the organization, and, fourth, that any moneys due her under the by-laws were payable to a third person, namely, Margaret Lewis, the mother of the member. The defendant made a motion to compel the plaintiff to serve a reply to the answer. This motion was denied and the defendant appeals from the order entered on such motion as well as from the judgment.

The plaintiff alleges the incorporation of the defendant under the name of General Grant Council, No. 128, Junior Order United American Mechanics of the State of New York, by virtue of the laws of the state of New York and under a charter duly granted to it by the Council of the Junior Order of American Mechanics of the State of New York. She further alleges that in or about March, 1912, Alfred D. Symonds was duly elected a beneficiary member of the defendant and regularly enrolled on the books of the Junior Order Benefit Association as such beneficiary member, and that he continued such until his death, which occurred on the 22d day of March, 1916; that during that period he had complied with the requirements of membership prescribed by the by-laws of the defendant and was in good standing at the time of his death and entitled to the benefits pertaining to such membership. She further alleges that on January 22, 1915, a certificate was issued by the defendant and the said council to Alfred D. Symonds, and such certificate is set out at length in the complaint. An examination of the certificate so set forth in the complaint discloses that it was not issued by the defendant,

but was issued by an independent incorporated association known as the Junior Order Benefit Association. This certificate, by its terms, stated that Alfred D. Symonds, a beneficiary member of General Grant Council, No. 128, had been regularly enrolled on the books of the Junior Order Benefit Association on the 29th day of March, 1912, and it provided that upon satisfactory proof of his death and good standing in and compliance with the laws of his said council and of the good standing of his council in said association, together with the surrender of the certificate, the Junior Order Benefit Association would pay the treasurer of his said council a sum of money not exceeding $500, which sum his council had agreed to pay as a death benefit to Mary Dusenbury, his dependent and designated beneficiary, provided, however, that all the laws of said association which were then or might thereafter be enacted had been in all respects complied with, and provided further that the said certificate holder should be entitled to such benefits under the laws of his said council. In the schedule upon the face of this certificate the full amount of the certificate was payable if the death of the beneficiary member occurred after 270 days of enrolment. This certificate, bearing the corporate seal of the Junior Order Benefit Association, and signed by its proper officers, was dated January 22, 1915. It was countersigned by the recording secretary of the defendant. There is attached to it a seal which purports to be the corporate seal of the defendant. Attached to the certificate was a printed statement signed by the secretary of the Junior Order Benefit Association that the certificate, articles of incorporation, the laws of that association, the application for membership and medical examination signed by the applicant, with all amendments to

each, should constitute the agreement between the association and the member, and that any additions, changes or amendments to the charter or certificate of incorporation and to the laws duly made or enacted subsequently to the issuance of the certificate should bind the member and his beneficiary and should control and govern the agreement in all respects.

The plaintiff further alleged that notice and proof of the death of the member were given to the defendant, and that the defendant had received the sum of $500 in accordance with the terms of the charters and rules and the laws and the regulations of the defendant and the said council, to be paid to the plaintiff as beneficiary in said certificate named. She further alleged that the plaintiff had tendered to the defendant the surrender of the certificate and demanded payment of $500, and that the defendant had refused to pay the same.

The defendant urged upon the trial court and upon this appeal two grounds for refusing to plaintiff the relief which she seeks.

In the first place, it claims that the plaintiff has not sued the right defendant; that her cause of action, if any, is against the Junior Order Benefit Association. And, secondly, that the plaintiff is not entitled, under the rules and regulations of the defendant and of the Junior Order Benefit Association, to recover any death benefit under said certificate, as she does not come within the classification of beneficiaries recognized and intended by the rules and regulations of these associations or either of them.

Although there is some force in the first contention, growing out of the language of the certificate itself, it seems to me that any ambiguity appearing upon the face of the certificate as to which corporation is pri-

marily liable for the death benefit has been disposed of by the fact, which is in evidence, that the Junior Order Benefit Association has delivered to the defendant a check, which was produced upon the trial, drawn to the order of the treasurer of the defendant, properly countersigned by the proper officers of the Junior Order Benefit Association, for the sum of $500, being the amount in full of funeral benefits due upon the death of Alfred D. Symonds, as per proof of death No. 6147. As will be noticed the ambiguity arises out of the provision contained in the certificate that the Junior Order Benefit Association promises to make payment upon satisfactory proof of the death and good standing in the defendant corporation of Alfred D. Symonds, and also of the good standing of his council in this association, *i. e.,* Junior Order Benefit Association, together with the surrender of the certificate, and the only proof in this case that these conditions have been complied with arises out of the giving of the check in question. While it doubtless would have been proper practice for the plaintiff to have impleaded the Junior Order Benefit Association as a defendant in this action, or to have sued that corporation directly as the disclosed principal of this defendant, I think that her failure to take such course does not inure to the benefit of the defendant. The defendant has not, it is true, received the cash from the Junior Order Benefit Association, but no point was made upon the trial that the check which it had accepted from that corporation and which bears date nearly two months prior to the trial had been questioned by the defendant; and presumably all that it was necessary for it to do in order to obtain payment of the check was to have its own officer put a proper indorsement on it as thereon indicated.

Supreme Court, Appellate Term, September, 1916. [Vol. 96.

Furthermore, if the plaintiff be entitled to recover in this action, either from the defendant or the Junior Order Benefit Association, it would seem as though she would be entitled to recover the money from the defendant upon the principle that it had had and received the money to her use and benefit; and this was the form in which the contract provided that the payment should be made. In other words, the defendant, as agent, promised and agreed to pay the death benefit to the person entitled to receive it, when it had received the funds from the Junior Order Benefit Association.

The second objection urged by the defendant presents the only real difficulty in this case. The defendant is a fraternal benefit society, as defined in chapter 198, Laws of 1911, which amended the Insurance Law of this state. Paragraph 2 of section 231 of this chapter provides: " Such death benefit shall in certificates hereafter issued be payable only to wife, husband, relative to the fourth degree of consanguinity, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; provided that, if, after the issuance of the original certificate, the member shall become dependent upon an incorporated charitable institution, he shall, with the consent of the society, have the privilege of making such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary and, from time to time, may have the same changed in accordance with the laws, rules and regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; provided

that any society may, by its laws, limit the scope of beneficiaries within the above classes.   No contract under this article shall be valid which shall be conditioned upon an agreement or understanding that the person to whom the death benefit is made payable shall pay the periodical or other contribution of the member.''

It appeared by the evidence that the certificate sued upon had been issued in lieu of a prior certificate in which the same beneficiary was named but in which she was not described as '' his dependent,'' meaning the member's dependent, but as his aunt.   The evidence discloses that the beneficiary was not his aunt, but was the wife of his uncle, and this fact coming to the knowledge of the defendant and the Junior Order Benefit Association, the objection was raised that the beneficiary was not legally named in the certificate, either under the terms of the statute of 1911, to which reference has been made, or under any of the rules and regulations of the defendant or of the Junior Order Benefit Association.

It further appeared that in January, 1915, as a result of the discussion of that situation the certificate sued upon was issued to the decedent; but as I view it this certificate does not give the plaintiff any greater rights than the former one.   The evidence is undisputed, and the plaintiff herself admitted, that the decedent was, if anything, more dependent upon her than she was upon him.   She testified that she had supported him, that he had been a cripple all his life, and was able to do but little work.

In addition to the statute, moreover, the by-laws of the defendant define the term '' legal beneficiary,'' as used, to be the widow, children, father, mother, sisters, brothers, grandparents or other *blood* relatives of the

member.   The plaintiff admitted upon the witness stand that she was not a blood relative of the decedent.

In my opinion, the learned Municipal Court erred in the conclusion which it reached and is not supported by the authority which it cites; and I have not found among the cases to which my attention has been called by the respondent any authorities which support its position.

I, therefore, advise that the judgment be reversed, with thirty dollars costs, and that the complaint be dismissed, with costs.   In view of this decision, it is not necessary to decide the question presented by the appeal from the order denying the defendant's motion to compel the plaintiff to reply.

Jaycox and Clark, JJ., concur.

Judgment reversed, with costs.