ANNA CALLAHAN, Appellant, *v.* SWITCHMEN'S UNION OF NORTH AMERICA, Respondent.

Fourth Department, July 1, 1919.

Insurance — certificate of fraternal benefit society and contract of ordinary life insurance company distinguished — nomination of person as beneficiary not included in class named in constitution — action of such beneficiary to recover upon certificate — defense — waiver — estoppel — construction of certificates of fraternal benefit societies.

A certificate of insurance issued to a member of a fraternal benefit society organized under the Insurance Law of this State is a contract resting upon legal principles different from those which are applicable to an ordinary life insurance contract. Under an ordinary life insurance contract the policy itself and the documents therein referred to constitute the entire agreement between the assured and the insurance company. In the case of a fraternal benefit society certificate, the certificate, charter, by-laws and application together constitute the contract.

The nomination of a person as beneficiary who is not included in the class named in the charter is a nullity and such person cannot recover under a certificate so issued.

Hence, recovery cannot be had under a certificate issued to a sister of the half blood where the constitution of the fraternal benefit society did not provide for the naming of such person as beneficiary. This is especially true where there was printed upon the application in large letters the words "who may be designated as beneficiary," followed by the provision of the constitution containing the words "brothers and sisters of the whole blood," and under the line where the assured designated a sister of the half blood as beneficiary and stated that she was related to him as sister, the following words were printed: " (Do not name  *  *  * half brother or sister  *  *  *.)"

A fraternal benefit society cannot be held to have waived the defense that the beneficiary was not one of the persons who could be named as such or to have estopped itself from pleading such defense where it did not have knowledge of the fact that the beneficiary named was a half sister of the assured and where it was under no obligation to make an investigation of the facts.

Although the courts adopt a very liberal policy in construing certificates of fraternal benefit societies in order to do justice where the language of the contract is clear and unmistakable and there is an entire absence of evidence of waiver or estoppel the contract will be enforced as written.

APPEAL by the plaintiff, Anna Callahan, from a judgment of the Supreme Court in favor of the defendant, entered in

the office of the clerk of the county of Erie on the 18th day of March, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the appellant.

*Kenefick, Cooke, Mitchell & Bass* [*Lyman M. Bass* and *George F. Phillips* of counsel], for the respondent.

HUBBS, J.:

In March, 1914, William J. Leggart, deceased, made an application for membership in Nickle Plate Lodge No. 220, a subordinate lodge existing under and created by the Grand Lodge of the Switchmen's Union of North America, the defendant herein. On April twentieth of the same year the defendant issued to the decedent a beneficiary certificate in which it was provided:

" That in consideration of all dues and assessments paid and to be paid in accordance with the provisions of the laws, rules and regulations of the beneficiary department of the Switchmen's Union of North America by William J. Leggart, said beneficiary department agrees and undertakes to pay at the time of the death of the said William J. Leggart * * * the sum of money specified by said beneficiary department of the Switchmen's Union of North America * * * to Anna Callahan — sister. * * * It is further expressly agreed and understood that the laws, rules and regulations of said beneficiary department, of which William J. Leggart is a member, together with his application for membership in said beneficiary department are made a part of this agreement."

The said decedent continued to be a member of the defendant society until July 1, 1915, when he was suspended for non-payment of dues. He was reinstated in April, 1916, after an examination and upon a new statement and application. The complaint alleges that the defendant made and executed the beneficiary certificate involved in this action pursuant to the constitution and by-laws of the defendant society. The said William J. Leggart died on or about the 13th day of May, 1916, and at the time of his death he was a member of said society in good standing. During the time that he was a

member he fully paid all dues and assessments required by the society.

After the death of the said decedent, the plaintiff herein, the beneficiary named in said certificate, gave due notice to the defendant of the death of said member and served upon the defendant due proofs of death, and demanded the sum of $1,500, the amount which would be due under said certificate if there were no legal defense thereto.

The defendant refused to pay upon the ground that the plaintiff was not one of the persons who could be named as a beneficiary in a certificate issued by the defendant. The answer alleges that she is not a person within the class to whom certificates can be made payable under the constitution and by-laws of the defendant society, as she is a sister of the half blood only.

The defendant is a fraternal benefit society organized under the Insurance Law of this State. Under article 7, section 231, of the Insurance Law (Consol. Laws, chap. 28 [Laws of 1909, chap. 33], as added by Laws of 1911, chap. 198) it is provided: " 2. Such death benefit shall in certificates hereafter issued be payable only to wife, husband, relative to the fourth degree of consanguinity, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption or to a person or persons dependent upon the member    *    *    *. Within the above restrictions each member shall have the right to designate his beneficiary    *    *    *    provided that any society may, by its laws, limit the scope of beneficiaries within the above classes."

Under subdivision 7 of section 234 of said Insurance Law (as added by Laws of 1911, chap. 198) it is provided that " Every such society shall have the power to make a constitution and by-laws for the government thereof, the admission of its members, the management of its affairs    *    *    *    and it shall have the power to change, alter, add to or amend such constitution and by-laws, and shall have such other powers as are necessary and incidental to the carrying into effect of the objects and purposes of the society."

The defendant adopted a constitution and by-laws. Section 29-J of its constitution provided: " Benefit certificates shall

only be made payable to a lawful wife, children, adopted children, parents, brothers and sisters of the whole blood, nieces or nephews, or affianced wife, or persons lawfully dependent upon the member (in either of the latter cases legal evidence of the affianced relationship, or dependency, must be furnished).   *   *   *   Should there be no children, mother, father, brothers or sisters as thus provided, or should a member designate as his beneficiary any other than those defined in this section, the certificate shall revert to the Union."

In the application for the beneficiary certificate signed by the deceased was the following provision: "It is hereby covenanted, declared and agreed, that all statements and answers contained in this application for membership, and all statements and answers made to the medical examiner shall, together with the laws governing the Switchmen's Union of North America, now in force or which may be legally adopted hereafter, be the basis and form a part of the contract between myself and the said Switchmen's Union and are hereby warranted to be true, and any certificate which may be issued upon this application by said Union shall be accepted upon the express condition that if any of the statements or answers in this application are untrue, or if any violation of any covenant, condition or restriction of the said certificate or of the constitution, statutes and laws of the said Union, governing the said department which are now in force or which may be adopted hereafter, shall occur, then the said certificate shall be null and void and membership in the said beneficiary department, together with all right to any benefit therein, is forfeited."

There was also printed upon the application in large letters the following words: "*Who may be designated as a beneficiary.*" Following that was a digest of section 29-J of the constitution, hereinbefore quoted, containing the words, "brothers and sisters of the whole blood." In the application the deceased named the plaintiff as beneficiary and stated that she was related to him as sister. Under the line where he wrote in the word "sister," the following words were printed: "(Do not name estate, half-brother or sister, cousins, aunts, uncles or grandparents as beneficiary.)" The application was signed by the decedent and was used as the basis upon which the certificate was issued.

There is no claim that the defendant knew that the plaintiff, named as beneficiary in the application and said to be a sister, was, in fact, only a half-sister; and it is not contended that the defendant had any information which should have caused it to make any inquiries or investigation upon that point. The first information that the defendant had that the plaintiff was not a sister of the whole blood was acquired after Leggart's death.

A certificate of insurance issued to a member of a fraternal benefit society organized under the Insurance Law of this State is a contract resting upon legal principles different from those which are applicable to an ordinary life insurance contract. Under an ordinary life insurance contract, the policy itself and the documents therein referred to constitute the entire agreement between the assured and the insurance company. In the case of a fraternal benefit society certificate, the certificate, charter, by-laws and application taken together constitute the contract. (*Shipman* v. *Protected Home Circle,* 174 N. Y. 398; *Kimball* v. *Lester,* 43 App. Div. 27; affd., 167 N. Y. 570.)

The nomination of a person as beneficiary who is not included in the class named in the charter is a nullity and such person cannot recover under a certificate so issued. (*Mendelson* v. *Gausman,* 157 App. Div. 370; *Wertheimer* v. *Free Sons of Judah,* 28 id. 64; *Dusenbury* v. *Grant Council, No. 128,* 96 Misc. Rep. 665; *Di Messiah* v. *Gern,* 10 id. 30; *Modern Woodmen of America* v. *Comeaux,* 79 Kan. 493; 25 L. R. A. [N. S.] 814, and note.) The plaintiff, a sister of the half blood, was not a person who could be named as a beneficiary under section 29-J of defendant's constitution, as she did not belong to the class specified therein.

The plaintiff seeks to escape the legal effect of the provisions of the defendant's constitution and by-laws, and the construction placed thereon by the courts, by the contention that the defendant has waived the defense now insisted upon or has estopped itself from pleading it. The only ground for such contention is the fact that the deceased continued to be a member of the defendant society and to pay his dues and assessments therein until his death, and it is argued that such fact furnishes evidence of a waiver and estoppel which entitled

the plaintiff to have that question submitted to the jury. It is conceded, however, that the defendant did not have notice of the fact that the plaintiff was not a sister of the whole blood until after the death of Leggart. There cannot be a waiver or estoppel without knowledge of the facts upon which it is contended such waiver or estoppel rests unless there has been a failure to acquire knowledge when there was an obligation to do so. In the case at bar there was no obligation upon the part of the defendant to make an investigation of the facts. The defendant had a right to rely upon the statement contained in the application and had a right to rely upon the supposition that the decedent had named a person as beneficiary who had a legal right under the constitution and by-laws of the defendant to occupy that position. In the case of *Caldwell* v. *Grand Lodge, Ancient Order of United Workmen* (148 Cal. 195; 2 L. R. A. [N. S.] 653) it is said: " The amended by-law in question was certainly a reasonable one, and after it went into force, Baker had no right to name a beneficiary belonging to any other than one of the classes therein designated. Upon the other hand, he did declare that plaintiff came within the class of dependent persons, and the order was justified in issuing the certificate upon this declaration. It was a statement upon the truth of which the validity of the contract depended. It amounted to a warranty."

In *Draper* v. *Oswego County Fire Relief Assn.* (190 N. Y. 16) the court said: " A waiver is the voluntary abandonment or relinquishment by a party of some right or advantage."

There can be no waiver under the facts in this case, for the defendant did not have knowledge of the fact that the beneficiary named in the application was a half-sister of the assured. Of course, if the defendant had had knowledge of that fact when it accepted the application and issued the certificate and continued to accept dues and assessments with full knowledge of that fact, it would be bound to pay, because, in that event, it would have voluntarily abandoned or relinquished the right to have the beneficiary in the certificate named from the class of persons provided for in its constitution and by-laws. (*Stronge* v. *Knights of Pythias*, 189 N. Y. 346, 354; *Coulson* v. *Flynn*, 181 id. 62.)

" The doctrine of equitable estoppel, or estoppel *in pais,* is that a party may be precluded by his acts and conduct from asserting a right to the detriment or prejudice of another party who, entitled to rely on such conduct, has acted upon it." (*Draper* v. *Oswego County Fire Relief Assn., supra.*)

The contention that the defendant has estopped itself from pleading the defense that the plaintiff is not a lawfully designated beneficiary is based wholly upon the fact that the defendant continued to accept dues and assessments and failed to make an investigation. Such contention is without legal justification under the facts in this case. Such acts of the defendant did not constitute an estoppel or were not evidence of an estoppel sufficient to take the case to the jury.

The plaintiff relies largely upon two cases to sustain her contention that the continued acceptance of dues and assessments and failure to investigate constituted a waiver or estoppel. The first case is *Story* v. *Williamsburgh Masonic Mutual Benefit Association* (95 N. Y. 474). In 1870 Story became a member of said association and continued to be such until his death in 1880. In 1864 he married the plaintiff and his certificate was made payable to her. She earned the money and paid the assessments. The by-laws of the association provided for the payment of certificates to the lawful widow of a deceased member. The court said: " But this was not a limitation of the power of the company so as to prevent it from recognizing as the beneficiary, a person who might be designated by the member as holding to him the relation of wife." The plaintiff had lived with Story as his wife for sixteen years and they had had children. The court held that the plaintiff was entitled to recover though in fact she might not have been his lawful wife for the reason that he had married in England in 1852. In that case there was an honest mistake as to the legal status of the parties. It has been said that the doctrine of that case should not be extended. (*Mendelson* v. *Gausman,* 157 App. Div. 370.)

The other case relied upon by the plaintiff is *Tramblay* v. *Supreme Council* (90 App. Div. 39). The question in that case was whether or not the plaintiff was " a dependent " within the meaning of the laws of the defendant association. She had lived with the deceased for years as his housekeeper

and was sometimes spoken of as his wife. If she was not a dependent, there was an honest mistake as to her legal status and the court held that she could recover. In that case the answer did not set up fraud or deception in naming the beneficiary, as was done in this case.

It does not seem to me that those cases and the other cases cited by the appellant justify a recovery in this case. In those cases there was an honest belief that the beneficiary named was within the class of persons who could be lawfully named as beneficiaries. In the first case the decedent believed the beneficiary named to be his lawful wife and the jury found as a matter of fact that she was his lawful wife. In the second case the decedent honestly believed that the beneficiary named was a dependent. The Appellate Division said: " He evidently considered that the plaintiff was dependent upon him for support, and felt obligated to support her, and it cannot be said that he did not act in good faith with the association in making the designation."

In the case at bar it cannot be claimed that the deceased honestly believed that the plaintiff was a sister of the whole blood. There is no pretense that he believed, at the time of making the designation, that the plaintiff occupied that relationship to him. It is undoubtedly true that courts will adopt a very liberal policy in cases of this kind in an effort to see that justice is done. However, in cases where the language of the contract is clear and unmistakable and there is an entire absence of evidence of waiver or estoppel, it is the duty of the court to enforce the contract as written.

There are no other questions raised in this case that require consideration.

I advise that the judgment appealed from be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.